IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

JORGE PEREZ and MARIA          )
MORALES GARCIA,                )     No. 4:12-cv-356-REL-RAW
                               )
          Plaintiff,           )     REPORT AND RECOMMENDATION ON
                               )     DEFENDANT'S MOTION
vs.                            )     FOR SANCTIONS
                               )
CHAD LEONARD, in his capacity  )
as Sheriff of Dallas County,   )
Iowa and THREE DALLAS COUNTY   )
SHERIFF'S DEPUTIES,            )
                               )
          Defendants.          )

On August 12, 2013 defendants filed a motion for sanctions [16] seeking dismissal of the complaint for plaintiffs' failure to obey the Court's July 2, 2013 order compelling discovery responses [13]. In that order plaintiffs were advised that failure to respond to the order could lead to dismissal of the complaint or other sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(C).

The present motion has not been resisted within the period provided in the local rules. Accordingly, it may be granted without further notice. LR 7.f.

In the present motion defendants state plaintiffs have failed to provide written discovery or to sit for depositions as ordered in the July 2 order. They seek the sanction of dismissal based on plaintiff's failure to comply with court orders and failure to provide discovery. Fed. R. Civ. P. 37(b)(2)(A)(v). In this circuit dismissal as a discovery sanction, or for failure to prosecute, is only to be entered in the last extremity. *Siems v.*

*City of Minneapolis*, 560 F.3d 824, 826 (8th Cir. 2009).

> . . . We have repeatedly stressed that the "sanction imposed by the district court must be *proportionate* to the litigant's transgression" . . . and that "[d]ismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint". . . .

*Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008)(quoting *Rodgers v. The Curators of the Univ. of Mo.,* 135 F.3d 1216, 1219 (8th Cir. 1998) and *Givens v. A. H. Robins, Co.,* 751 F.2d 261, 263 (8th Cir. 1984)(emphasis original to *Rodgers*)).

Plaintiffs have failed to respond to written discovery, failed to sit for depositions, and failed to even respond to the present motion. Plaintiffs have been warned noncompliance could result in dismissal. *Smith* 526 F.3d at 405. The discovery deadline has passed. Such a pattern of delay has effectively stalled the case and denied defendants an opportunity to investigate and defend against plaintiffs' claims. It is fair to view the circumstances as evincing willful disobedience to the order compelling discovery, or a persistent failure to prosecute.

IT IS RESPECTFULLY RECOMMENDED defendants' motion for sanctions [16] be granted.

IT IS ORDERED that the plaintiffs shall have until **September 23, 2013** to file written objections to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1). *Thompson v. Nix*,

897 F.2d 356, 357 (8th Cir. 1990); *Wade for Robinson v. Callahan*, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. *See* Fed. R. Civ. P. 72; *Thompson*, 897 F.2d at 357. Failure to timely file objections may constitute a waiver of plaintiffs' right to appeal questions of fact. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994); *Halpin v. Shalala*, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); *Thompson*, 897 F.2d at 357.

IT IS SO ORDERED.

Dated this 5th day of September, 2013.


ROSS A. WALTERS
UNITED STATES MAGISTRATE JUDGE